**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD, | No. 19-02026 |
| *Plaintiff,* | |
| v. | |
| JESSICA YANG a/k/a YANG XIAO GENG a/k/a JESSICA QIAO, YI Q. ZHAN a/k/a YI QIANG ZHAN a/k/a JIMMY ZHAN, STAR MARK MANAGEMENT, INC. GREAT MARK CORPORATION, GREAT KINGSLAND, INC., G.K. EXOTIC, INC., EZ FANTASY, INC., BEAUTY LOVER EXPRESS, INC., JOHNSON STORAGE, INC., ZME GALAXY FORPO, J&J GLOBAL USA, INC., and EDMUND ZHAN, | |
| *Defendants.* | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND**
**IN SUPPORT OF SUMMARY JUDGMENT AGAINST PLAINTIFF**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

I.     INTRODUCTION ........................................................................................................1

II.    STANDARD FOR SUMMARY JUDGMENT ...............................................................3

III.   BACKGROUND ..........................................................................................................5

    A.    FIRST ACTION RESULTS IN JUDGMENT IN 2010 ........................................5

    B.    EFFORTS TO ENFORCE THE JUDGMENT STOP IN 2011 .......................................6

    C.    KOON CHUN STARTS A SECOND ACTION SEEKING DECLARATORY JUDGMENTS .................................................................................................8

IV.   *RES JUDICATA* BARS THIS SECOND ACTION.......................................................9

V.    KOON CHUN MAY NOT ASSERT CLAIMS UNDER NEW YORK'S DEBTOR & CREDITOR LAW.......................................................................................................12

VI.   KOON CHUN's "SUCCESSOR IN LIABILITY" CLAIMS MUST BE DISMISSED....13

VIII. VEIL PIERCING "CLAIMS" SHOULD BE DISMISSED .............................................19

IX.   CONCLUSION..........................................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Fuel Corp. v. Utah Energy Develop. Co.*, 122 F.3d 130 (2d Cir.1997)................................19

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .....................................................4

*Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008).................................................4

*Brown Media Corp. v. K&L Gates*, LLP, 854 F.3d 150, 157 (2d Cir. 2017)...........................10

*Celotex Corp. v. Catrett*, 477 U.S. (1986)..............................................................3, 4

*Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) .....................................14

*Chiomenti Studio Legale, LLC v Prodos Capital Mgt. LLC*, 140 A.D.3d 635, 636 (1st Dept 2016) ...............................................................................................................19

*Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) .....................................9

*Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)...........................................................8

*Eberhard v. Marcu*, 530 F.3d 122, 129-30 (2d Cir. 2008)..........................................12

*Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) .........................12

*Federal Deposit Ins. Corp. v Porco*, 75 N.Y.2d 840, 842 (1990) .................................16

*Feitshans v. Kahn*, No. 06 Civ. 2125, 2006 WL 2714706, at *4 (S.D.N.Y. Sept. 21, 2006).......11

*Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) .....................................................8

*Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008..............................................4

*Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998)............13

*Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).................................................3

*Hurley v. Town of Southampton*, No. 17 Civ. 5543, 2018 WL 3941944, at *18 (E.D.N.Y. Aug. 13, 2018)...................................................................................................13

*In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) .................18

*Jenkins v. United States*, 386 F.3d 415, 417-18 (2d Cir. 2004)...................................19

*Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, 2007 U.S. Dist. LEXIS 1404 (E.D.N.Y. Jan. 8, 2007).................................................................................2, 5, 10

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Management, Inc.*, No. 04 Civ. 02293 (E.D.N.Y. June 3, 2004) ...........................................................................9

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Yang.*, 19 Civ. 02026 (E.D.N.Y. April 9, 2019).......................................................................................................9

*Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 839 (S.D.N.Y. 1977) .................16

*Lakah v. UBS*, 996 F. Supp. 2d 250 (S.D.N.Y.2014).....................................................19

*Lawlor v. National Screen Serv. Corp.* 349 U.S. 322, 329 ...........................................11

*Lim v. Central DuPage Hosp.*, 972 F.2d 758, 763 (7th Cir. 1992)................................15

*Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 237 (2d Cir. 2018) ...9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ...........................4

*Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993) ........19

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)....................................18

*New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)....................................................9

*New York v. National Service Ind., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) .......................15

*Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996)...................................................................................................18

*Niagara Mohawk Power v. Hudson River-Black River Regulating Dist.*, No. 09 Civ. 471, 2015 WL 13540213, at *10 (N.D.N.Y. Sept. 8, 2015) ...................................................14

*NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)...........................................10

*Norton v. Town of Islip*, 678 F. App'x 17, 22 (2d Cir. 2017).......................................................14

*Nunley v. Kloehn*, 158 F.R.D. 614, 617 (E.D. Wis. 1994) ..........................................................15

*Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) .......................................................................10

*Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952) .......................................19

*Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150-51 (2000)....................................4

*Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996) ...................................................11

*Rosen v. Kessler*, 51 A.D.3d 761 (N.Y. App. Div. 2008) ...........................................................11

*Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)................................................................8

*Schumacher v Richards Shear Co.*, 59 N.Y.2d 239, 245-46 (1983)...........................................15

*Skelly Oil Co. v. Phillips Petr. Co.*, 339 U.S. 667, 671 (1950) ..................................................14

*Springfield Hosp. v. Hofmann*, 488 Fed. Appx. 534, 535 (2d Cir. 2012) ..................................14

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 594-95 (2d Cir.1996)..........................................18

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) .............................................................................9

**Statutes**

15 U.S.C. § 1114(1) ......................................................................................................................5

15 U.S.C. § 1117 ...........................................................................................................................5

15 U.S.C. § 1125(a) ......................................................................................................................5

28 U.S.C. § 1963 .........................................................................................................................21

28 U.S.C. § 566(c) .......................................................................................................................21

28 U.S.C. § 636(c)(1)....................................................................................................................5

CPLR §§ 5201-53 .........................................................................................................................6

DCL § 271 ...................................................................................................................................12

DCL § 276 ...................................................................................................................................12

DCL §§ 273-75 ............................................................................................................................12

DCL § 273 ...................................................................................................................................12

DCL § 274 ...................................................................................................................................13

DCL § 275 ...................................................................................................................................13

DCL § 277 ...................................................................................................................................13

Lanham Act .........................................................................................................1, 5, 10, 14, 16, 19

N.Y. C.P.L.R. § 5201(b).................................................................................................................6

New York's Debtor & Creditor Law ............................................................................................12

New York's Uniform Voidable Transactions Act ........................................................................16

RESTATEMENT OF JUDGMENTS § 83 CMT. A.....................................................................................11

The Declaratory Judgment Act, 28 U.S.C. § 2201 ......................................................................14

Uniform Voidable Transactions Act ............................................................................................12

**Other Authorities**

FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (1999) .......... 14, 15, 20

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 568 F. Supp. 2d 376, 383-84
    (S.D.N.Y. 2008) ...............................................................................................................13, 15

*In re MTBE Prods. Liability Litig.*, 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007) ........................20

*In re Tronox Inc.*, 549 B.R. 21, 26 (S.D.N.Y. 2016) ..................................................................20

**Rules**

Article 52 of New York's Civil Practice Law and Rules ................................................................6

Fed. R. Civ. P. 56(a)......................................................................................................................3

Fed. R. Civ. P. 69 ................................................................................................................7

Fed. R. Civ. P. 69(a)(1) ........................................................................................................6

Fed. R. Civ. P. 69(a)(2) ...............................................................................................3, 6, 21

Fed. R. Civ. P. 7(b) ..............................................................................................................3

Fed. R. Civ. P. 8(c) ..............................................................................................................8

Federal Rules of Civil Procedure 69 ...................................................................................21

Defendants submit this memorandum of law in opposition to the motion for summary judgment filed by Plaintiff Koon Chun Hing Kee Soy & Sauce Factory Ltd. ("Koon Chun"). The memorandum of law is also submitted in support of Defendants' cross-motions for summary judgment in Defendants' favor. Defendants include three individual people – Yi Q. Zhan ("Jimmy Zhan"), Jessica Yang (Jimmy Zhan's wife), and Edmund Zhan (Jimmy Zhan's son) – and nine corporations – (1) Beauty Lover Express, Inc., (2) EZ Fantasy, Inc., (3) G.K. Exotic, Inc., (4) Great Kingsland Inc., (5) Great Mark Corporation, (6) J & J Global USA, Inc., (7) Johnson Storage, Inc., (8) Star Mark Management, Inc., and (9) ZME Galaxy Corp.

## I.      INTRODUCTION

If Dr. Frankenstein were a lawyer, he would be impressed with Koon Chun's lawsuit. To overcome the fatal effects of *res judicata* after having received a final judgment in 2010, Koon Chun stitched together mismatched parts of case doctrine, remedies, and statutes to create a monster – albeit a monster that is far less coherent than the one invented in Mary Shelley's novel. And just as Dr. Frankenstein's creature drifted away on an ice raft, never to be seen again, so too should this litigation disappear. Summary judgment against Koon Chun should be granted.

Here's what happened. Eleven years ago, Koon Chun received a judgment from this Court against three defendants after proving they willfully committed trademark infringement, trade dress infringement, and unfair competition in violation of the Lanham Act. Ex. 1.[1] The judgment was for $989,426.13, and the Clerk of the Court entered it against Great Mark Corporation ("Great

---

[1] Ex. __ refers to Exhibit __ attached to the Declaration of T. Bryce Jones in opposition to the motion for summary judgment filed by Koon Chun and in support of Defendants' cross-motions for summary judgment. "Pl. Mem.," as used below, refers to the Plaintiff's Memorandum of Law in Support of Summary Judgment.

Mark"), Star Mark Management, Inc. ("Star Mark"), and the President of both companies, Jimmy Zhan.

There were no other judgment debtors because the District Court dismissed all other defendants when Koon Chun failed to identify any other defendants who violated the law even after having had full discovery for two years. *See Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, 2007 U.S. Dist. LEXIS 1404, *15 n.7 (E.D.N.Y. 2007); *see also* Ex. 2 (Opinion Order in First Action). Even though this dismissal was without prejudice, Koon Chun never moved to amend the complaint to name other defendants over the next two years of litigation. Final judgment was entered on January 8, 2010. *See* Ex. 1.

Under *res judicata*, a final judgment on the merits of an action prohibits a party from litigating claims that were or could have been raised in the prior action against the same party or their privies. Once an action concludes with a judgment, all claims arising out of the series of transactions underlying the action are barred – even if based upon different theories or if seeking a different remedy – so long as the party had a full and fair opportunity to litigate. A judgment may not be expanded later to include new debtors because all claims or potential claims are barred.

The utterly bewildering nature of Koon Chun's notice of motion for summary judgment and completely impenetrable memorandum of law can only be explained by the fact that Koon Chun is attempting to expand the judgment debtors to include Jimmy Zhan's wife and son, Jessica Yang and Edmund Zhan. Indeed, the Notice of Motion for the Summary Judgment concedes it is trying to "attach liability" to the wife and son.[2]

---

[2] Koon Chun also admits it is trying to "pin" the judgment on the individual defendants in its brief as well. See, *e.g.*, Pl. Mem. at 7 ("the judgment against GREAT MARK must be pinned on her in the sum of $989,426.13, plus interest from January 8, 2010").

Consider Koon Chun's Notice of Motion, which is required for this motion under Fed. R. Civ. P. 7(b). It groups the astounding thirty-five (35) claims into three categories:

1. Causes of Action Alleging Successor in Interest Liability, . . .

2. Causes of Action Alleging Putative Ownership of Corporations, . . .

3. Causes of Action Alleging debtor creditor law violations and veil piercing. . .

*Id.* As shown below, the thirty-five "causes of action" in the Notice of Motion are an incoherent mashup of legal theories, remedies, and nonexistent claims.

If Koon Chun wants to execute the judgment against Jimmy Zhan or Great Mark, it may obtain writs of execution as proscribed by Rule 69 of the Federal Rules of Civil Procedure.[3] Koon Chun may also use the plethora of discovery tools given it under federal and state law to find any assets belonging to those two defendants. *See* Fed. R. 69(a)(2). But the Court should not countenance the incoherent monstrosity that Koon Chun has created to avoid *res judicata* after it had a full and fair opportunity to litigate in the first action, in which the District Court dismissed all but the three named defendants.

For the following reasons, summary judgment should be granted in the Defendants' favor.

## II.  STANDARD FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine

---

[3] One of the corporations, Star Mark, was dissolved on June 3, 2005, in the middle of the First Action (which ended with the Judgment in 2010). Thus, Koon Chun may only seek execution of a judgment against one individual, Jimmy Zhan, and one existing corporation, Great Mark.

dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). A fact is material if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150-51 (2000). The Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing Celotex, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* The non-moving party is required to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial," *Celotex*, 477 U.S. at 324 (citing *Anderson*, 477 U.S. at 249-50), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish that a jury could find for it an essential element on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.    BACKGROUND

### A.    FIRST ACTION RESULTS IN JUDGMENT IN 2010

Koon Chun is a Hong Kong company that manufactures and distributes sauces, seasonings, and vinegars. On June 3, 2004, Koon Chun sued Star Mark Management, Inc. ("Star Mark") and Great Mark Corp. ("Great Mark"), and the President of both companies, Yi Q. Zhan ("Jimmy Zhan"), for selling counterfeit versions of Koon Chun's sweet and spicy hoisin sauce.

On January 8, 2007, the Honorable Joseph F. Bianco found those three defendants liable for trademark and trade dress infringement, 15 U.S.C. §§ 1114(1) and 1125(a), and unfair competition, 15 U.S.C. § 1125(a). *See Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, 2007 U.S. Dist. LEXIS 1404 (E.D.N.Y. Jan. 8, 2007). The Court also held the question of whether the Defendants' violation of the Lanham Act was willful, and the appropriate remedies would be decided by a trier of fact after a fact-finding hearing. *See id.*

In its decision, the District Court also held that Koon Chun had failed to present it with any efforts to even discover the identity of any unnamed defendants. The Court specifically held that the Plaintiff "has not identified the unnamed parties nor suggested that there is any likelihood that the unnamed parties will eventually be identified," and thus the claims against the unnamed Defendants are *sua sponte* dismissed. *Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, 2007 U.S. Dist. LEXIS 1404, *15 n. 7 (E.D.N.Y. Jan. 8, 2007).

Koon Chun and the three remaining defendants then consented to have the case assigned to the Magistrate Judge (the Honorable Steven Gold) for all purposes pursuant to 28 U.S.C. § 636(c)(1) and for a determination of damages and injunctive relief. After presiding over a bench trial, the Magistrate Judge found defendants' counterfeiting profits equaled $27,654.80 and trebled those, $82,964.40, in damages pursuant to 15 U.S.C. § 1117. The Magistrate Judge later awarded $783,330.20 in attorneys' fees to Koon Chun, $113.957.71 in costs, and granted pre-judgment

interest for actual damages but not for attorney's fees and costs. The Magistrate Judge directed the Clerk of the Court to enter judgment against the two companies and Jimmy Zhan in the total amount of $989,426.13.

A money judgement in the amount was entered on January 8, 2010. Ex. 1. The Court also entered a permanent injunction as requested by Koon Chun. Ex. 3. Koon Chun did not request any other relief such as breaching the corporate veil to impose liability on the owners of Great Mark or Star Mark or for relief by attaching liability to another corporation through successor liability, even though it was well aware that Star Mark had gone through dissolution during the litigation.

## B.    EFFORTS TO ENFORCE THE JUDGMENT STOP IN 2011

Koon Chun immediately began to execute on the judgment. In federal courts, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Ci. P. 69(a)(1). Rule 69 provides that the execution of judgment must follow the procedure of the state where the federal court is located (*i.e.,* New York for this District). *See* Fed. R. Civ. P. 69(a)(1). Rule 69 gives judgment creditors tremendous discovery to collect assets to satisfy the judgment. Rule 69 provides that a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided by the Federal Rules ___or___ by the procedure of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(2).

New York has a robust set of judgment-enforcement and asset-investigation laws set out in Article 52 of New York's Civil Practice Law and Rules. *See* CPLR §§ 5201-53 ("Enforcement of Money Judgments"). For example, "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment." N.Y. C.P.L.R. § 5201(b). Judgment creditors can send subpoenas, take depositions, garnish wages, freeze bank accounts, and have an enforcement officer seize property.

Koon Chun availed itself immediately of these tools to satisfy the judgment against Jimmy Zhan and the two companies. Koon Chun moved for, and was granted, a restraining order on Jimmy Zhan's interest in the premises at 67-49 166th Street, Fresh Meadows, NY 11365 (Borough: Queens, Block: 6920, Lot: 11). *See Order* dated May 19, 2010, Docket Entry 259 in First Action. Under the Order, Jimmy Zhan and the two companies were restrained and "forbidden from removing, concealing, wasting or in any way making, attempting to make or suffering any sale, assignment or transfer of, or any interference with, the premises." *Id.*

On June 12, 2010, Koon Chun issued *subpoenas duces tecum* to Jimmy Zhan's family members and certain nonparty corporations to this proceeding including (1) Yang Xiao Geng (Jessica Yang), his wife; (2) Michael Zhan and Edmund Zhan, his two sons; (3) Yan Zhang Yang and Yu Mei Zhao, Jessica Yang's parents; and (4) G.K. Exotic Inc. (a corporation owned solely by Jessica Yang that sells adult toys and merchandise).

In September 2010, the Magistrate Judge issued its decision on whether to quash subpoenas that were served by Koon Chun pursuant to Fed. R. Civ. P. 69 on Jessica Yang, Jimmy Zhan's two minor sons (Michael and Edmund Zhan) and Jessica Yang's parents (Yan Zhang Yang and Yu Mei Zhao). *See Order* dated September 22, 2010, Docket Entry 275 in First Action attached as Ex. 4. The Court allowed discovery with respect to information sought pertaining to Jimmy Zhan's wife, Jessica Yang and G.K. Exotic, Inc., but quashed the information sought pertaining to Jimmy Zhan's two sons and his wife's parents. *Id.*

In quashing the subpoenas, the Magistrate Judge held that generally "non-parties may only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." Ex. 4 at 5. Five months later, on or about February 2011, Koon Chun apparently stopped pursuing execution of the judgment under Rule 69. *See* Docket Entry 287 in First Action (last

docket entry dated February 11, 2011). The docket for the First Action shows no activity after that month.

### C.   KOON CHUN STARTS A SECOND ACTION SEEKING DECLARATORY JUDGMENTS

After sitting on its hands for eight years doing nothing, Koon Chun did something very unusual. In 2019, Koon Chun started a ***second action*** in this Court in which it named two new individuals and seven new corporations in addition to the three judgment-debtors from the First Action (Jimmy Zhan, Star Mark and Great Mark). In its Amended Complaint, Koon Chun sued Jimmy Zhan's wife and son, Jessica Yang and Edmund Zhan, along with seven corporations: (1) Beauty Lover Express, Inc., (2) EZ Fantasy, Inc., (3) G.K Exotic, Inc., (4) Great Kingsland Inc., (5) Johnson Storage, Inc., (6) ZME Galaxy Corp., and (7) J & J Global USA, Inc. *See* Ex. 5.

Defendants answered the Amended Complaint, including asserting *res judicata* as a defense.[4] Ex. 6. The parties have conducted discovery, and Koon Chun has now moved for summary judgment. Pursuant to Fed. R. Civ. P. 7(b), Koon Chun filed its Notice of Motion and supporting Memorandum of Law. According to the Notice of Motion, the Second Action alleges thirty-five (35) purported causes of action that generally fall into three categories: (1) "successor liability," (2) declaratory judgment on "putative ownership of corporations," and (3) veil piercing.

---

[4] Although *res judicata* is an affirmative defense to be pleaded in an answer, *see* Fed. R. Civ. P. 8(c), it is not waivable and, in fact, the Court may, on its own initiative, raise the issue. *See Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming dismissal on grounds of issue preclusion even though defendant failed to plead that defense and noting that "principles of preclusion involve" not only "the rights and interests of the parties" but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

## IV.    *RES JUDICATA* BARS THIS SECOND ACTION

This is the ***second action*** that Koon Chun has filed arising out of the fact that Great Mark,

Star Mark, and Jimmy Zhan were selling counterfeit versions of Koon Chun's sweet and spicy

hoisin sauce in the early 2000s. Koon Chun started the first action in 2004 and this second action

in 2019. *Compare* Complaint, *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark*

*Management, Inc.*, No. 04 Civ. 02293 (E.D.N.Y. June 3, 2004) (referred to as the "First Action")

with Complaint, *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Yang.*, 19 Civ. 02026

(E.D.N.Y. April 9, 2019) (referred to as the "Second Action").

Under *res judicata*, a final judgment on the merits of an action prohibits a party from

relitigating issues that were or could have been raised in the prior action against the same party or

their privies. *Res judicata* contains two distinct components: claim preclusion and issue preclusion.

*See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion "forecloses 'successive

litigation of the very same claim.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748

(2001)). Issue preclusion applies "in the context of a different claim" barring "'successive

litigation of an issue of fact or law actually litigated and resolved in a valid court determination

essential to the prior judgment.'" *Id.* (quoting New Hampshire, 532 U.S. at 748-49). The doctrine

"'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters

judicial economy and protects the parties from vexatious and expensive litigation.'" *Marcel*

*Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 237 (2d Cir. 2018) (quoting

*Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Claim preclusion bars all claims against all twelve defendants named in this action. Claim

preclusion applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier

action involved the same counterparty or those in privity with them; and (iii) the claim sought to

be precluded was raised, or could have been raised, in that earlier action." *Id.* To determine if a

claim could have been raised in an earlier action, courts look to whether ***the present claim arises out of the same transaction or series of transactions asserted in the earlier action***, *see Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (emphasis added), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).

This second action arises out of counterfeit versions of Koon Chun's sweet and spicy hoisin sauce sold in the early 2000s and, thus, all the purported claims asserted in this second action are barred by *res judicata*. The thirty-five claims are all grounded on the same gravamen of wrong: Counterfeit hoisin sauce was sold in violation of the Lanham Act. For instance, any relief sought related to "breaching the corporate veil" or successor-in-interest liability of Great Mark or Star Mark could have been sought in the first litigation. Koon Chun may not turn around now and seek this remedy with a second complaint. "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates*, LLP, 854 F.3d 150, 157 (2d Cir. 2017) (quotation marks and citation omitted).

Nor does it matter that Koon Chun added two individuals, Jimmy Zhan's wife and son, and seven new corporations who were not named in the final judgment. *First*, in the First Action, Koon Chun sued John Does 1-10 for selling counterfeit hoisin sauce. If Jimmy Zhan's wife or son or the seven corporations named as defendants were violating the law in any form or fashion, and thus part of John Does 1-10, then all the claims or potential claims against them were dismissed. *See Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt.*, 2007 U.S. Dist. LEXIS 1404, *15 n.7 (E.D.N.Y. 2007). The claims were originally dismissed without prejudice, but Koon Chun elected not to revive them for the next two years of litigation. Any claims against these two individuals and seven corporations are now precluded.

*Second*, *res judicata* applies to a second lawsuit even where the parties are different from the parties involved in the first lawsuit if the new (different) parties are "privies" for purposes of the "parties or their privies" requirement. The Supreme Court has explained that "orthodox categories of privies" include "'those who control an action although not parties to it . . .; those whose interests are represented by a party to the action . . .; successors in interest,'" *Lawlor v. National Screen Serv. Corp.* 349 U.S. 322, 329 & n.19 (quoting RESTATEMENT OF JUDGMENTS § 83 CMT. A).[5] The new defendants fall into the "orthodox categories of privies" even if they were not part of the original "John Does 1-10." Koon Chun is alleging that the individual defendants were in control, had "putative ownership," or "successors in interest.'" *Lawlor*, 349 U.S. at 329 n.19. Thus, these are parties in privity.

The simple fact is that the Second Action arises out of the same nucleus of operative facts as the First Action and, thus, the Second Action is barred by *res judicata*. *See Feitshans v. Kahn*, No. 06 Civ. 2125, 2006 WL 2714706, at *4 (S.D.N.Y. Sept. 21, 2006) (finding plaintiffs' claims seeking to hold new defendants responsible as alter-egos for breaches of contract by defunct corporations were barred by *res judicata* because plaintiffs sought "to relitigate the very same claims that ha[d] already been decided" and they were entitled to only "one recovery for a single wrong," even where different legal theories as to recovery were presented); *see also Rosen v. Kessler*, 51 A.D.3d 761 (N.Y. App. Div. 2008) ("The doctrine of *res judicata* precludes the instant action because, *inter alia*, it arises from the same transactions as a prior action . . . and, given that

---

[5] The Supreme Court has explained more recently that the "term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term," *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996) (citing generally to RESTATEMENT (SECOND) OF JUDGMENTS, ch. 4 (1980), and only a substantial identity of interests is needed.

New York does not recognize a separate cause of action to pierce the corporate veil . . . it differs from the prior action only in the theory of recovery . . . .") (citations omitted).

## V.      KOON CHUN MAY NOT ASSERT CLAIMS UNDER NEW YORK'S DEBTOR & CREDITOR LAW

"It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (collecting cases). Yet, for the first time in Koon Chun's memorandum of law in support of summary judgment, Koon Chun asserts violations of the New York's Debtor & Creditor Law ("DCL"). *See* Pl. Mem. At 4 (referring to DCL § 276); *id.* at 10 (referring to DCL §§ 273-75); *id.* at 12 (referring to DCL § 272); *id.* at 15 (referring to DCL § 271). By way of background on DCL, until April 2020 New York State had codified the treatment of what it designated as "fraudulent conveyances" in Article 10 (§§ 270-281) of the Act (which was based on the Uniform Fraudulent Conveyance Act promulgated by the Uniform Law Commissioners in 1918 and enacted in New York in 1925).[6] *See Eberhard v. Marcu*, 530 F.3d 122, 129-30 (2d Cir. 2008) (tracing history of DCL 276 back the 1570's Statute of Elizabeth).

It is true that Koon Chun became a creditor of Jimmy Zhan and the two companies when the Court entered judgment in 2010. Moreover, the DCL has provisions dealing with species of fraud in connection with conveyances of property that affect creditors. DCL Section 276 requires an actual intent by the debtor to avoid claims of creditors. The so-called constructive fraud sections of the DCL do not require actual intent as an element – DCL 273 (conveyances by insolvent), DCL

---

[6] On December 6, 2019, the Governor of New York signed into law an Act that entirely replaces Article 10 of New York's Debtor & Creditor Law with provisions from the Uniform Voidable Transactions Act ("NY UVTA"). The law became effective on April 4, 2020 and applies to transfers made or obligations incurred on or after that effective date.

273-a (conveyance by a defendant), DCL 274 (conveyances by person in business), DCL 275 (conveyance by person about to incur debts), DCL 277 (conveyance of partnership property).

But Koon Chun never cited any of these statutes in its complaint or amended complaint, and, thus, Defendants had no notice that Koon Chun was proceeding under these statutes. Due process requires such notice and, in addition, the fundamental purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (citation and quotation marks omitted). Indeed, Rule 9(b) requires that any claims of fraud be stated with particularity. *See* Fed. R. Civ. P. 9(b).

Not even referring to a statute under which a plaintiff is proceeding is the antithesis of the particularity requirement for giving notice of a claim that sounds in fraud. "A simple question can be asked when determining whether a party has properly identified a claim: What common law or statute did the defendants allegedly violate?" *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 568 F. Supp. 2d 376, 383-84 (S.D.N.Y. 2008). Yet, no person who read the complaint or amended complaint who was asked this "simple question" could ever figure out that Koon Chun was suing anyone for violations of various sections of the DCL as Koon Chun now puts forward.

Because it is well-settled that a plaintiff cannot amend the complaint by asserting new facts or theories in a brief, see *Hurley v. Town of Southampton*, No. 17 Civ. 5543, 2018 WL 3941944, at *18 (E.D.N.Y. Aug. 13, 2018), any claims related to violations of the DCL cannot proceed based on the amended complaint before this Court.

## VI.   KOON CHUN's "SUCCESSOR IN LIABILITY" CLAIMS MUST BE DISMISSED

Koon Chun's Notice of Motion states it is bringing eight "causes of action" for successor-in-interest liability. These are not claims at all but a mashup of legal theories of attaching liability

when a separate substantive claim (*i.e.*, violation of a federal statute or state law) is brought (which hasn't been done here, and as explained above, cannot be done).

As an example of this utter incoherence, consider Koon Chun's second cause of action, "Declaratory Judgment G.K. Exotic is the Alter Ego/Successor/Mere Continuation of GREAT MARK." *Id.* The Declaratory Judgment Act, 28 U.S.C. § 2201, "is procedural only . . . and does not create an independent cause of action." *Norton v. Town of Islip*, 678 F. App'x 17, 22 (2d Cir. 2017) (citing *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012)). The Declaratory Act "enlarges the range of available remedies for rights established elsewhere." *Niagara Mohawk Power v. Hudson River-Black River Regulating Dist.*, No. 09 Civ. 471, 2015 WL 13540213, at *10 (N.D.N.Y. Sept. 8, 2015) (citing *Skelly Oil Co. v. Phillips Petr. Co.*, 339 U.S. 667, 671 (1950)). A plaintiff "cannot maintain an action for a declaratory judgment without an underlying federal [or state] cause of action." *Springfield Hosp. v. Hofmann*, 488 Fed. Appx. 534, 535 (2d Cir. 2012).

In this case, however, Koon Chun points to no underlying substantive violation of the law when it seeks the relief of declaratory judgment. Rather, the phrase "Alter Ego/Successor/Mere Continuation" contains two totally different remedies. "Alter Ego" is a form of equitable relief where a court pierces the corporate veil to impose liability for an act of the corporation on its owners (*e.g.*, a parent company or the individual stockholders). "An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract." 1 Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (1999).

For example, the court could have pierced (but did not) the corporate veil of Great Mark after Koon Chun proved those corporations violated the Lanham Act. But Koon Chun cannot bring an "alter ego claim" now because a "finding of fact of alter ego, standing alone, creates no cause

14

of action." 1 FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (1999).[7] Koon Chun cannot seek the remedy of declaratory judgment for the remedy of piercing the corporate veil – it simply makes no sense, particularly as *res judicata* from the first action precludes awarding new relief whatsoever.

Nor does declaratory relief of successor liability make any sense. Declaratory relief and successor liability are remedies once a violation has been proven – they are not claims or causes of action.[8] Successor liability is the legal doctrine under which the buyer of a company's assets is responsible for claims brought against the seller. That is, successor liability is an exception to "the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor." *Schumacher v Richards Shear Co.*, 59 N.Y.2d 239, 245-46 (1983). Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally **not liable** for the seller's liabilities. *New York v. National Service Ind., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). Both New York law and traditional common law, however, recognize certain exceptions to this rule. A buyer of a corporation's assets will be liable as its successor if: (1) it expressly or impliedly assumed the predecessor's liability, (2) there was a

---

[7] For an excellent discussion of the difference between claims and remedies, *see In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 517 F. Supp. 2d 662, 665-66 (S.D.N.Y. 2007).

[8] Koon Chun refers to its claims as "causes of action," so Defendants have followed this nomenclature at times. However, this terminology is inaccurate and highlights the importance of *res judicata*. "While often times used interchangeably, the terms 'cause of action' and 'claim' or 'count' are more accurately understood to mean two different things." *Nunley v. Kloehn*, 158 F.R.D. 614, 617 (E.D. Wis. 1994) (citation omitted). A cause of action consists of "a single core of operative facts which give rise to a remedy." *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 763 (7th Cir. 1992). "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Id.* In this case, the literal "cause" of the action was the selling of the counterfeit versions of Koon Chun's sweet and spicy hoisin sauce. When judgment was entered all claims and remedies not named in the judgment were lost – that is, *res judicata*.

consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations. *See id.; see also Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 839 (S.D.N.Y. 1977) (holding that "mere continuation" exception applies when there is "something in the nature of a corporate reorganization, rather than a mere sale").

Any successor liability is precluded in this case for three reasons. *First*, Koon Chun has not proved that any of the seven corporations not named in the First Action violated any federal statute or New York law whatsoever and, thus, *their* successors cannot be liable.[9] Nor can Koon Chun ever prove they should be liable with respect to the counterfeit hoisin sauce sold in the early 2000s because of the preclusive effects of *res judicata*. *Second*, one of the corporations, Star Mark, was dissolved on June 3, 2005, in the middle of the litigation and, thus, has no successors.[10] In the First Action, Koon Chun did not move at any point to have the relief of successor liability imposed on Star Mark or Great Mark. Again, *res judicata* prohibits the award of such relief now. *Third*, *res judicata* prohibits successor liability being imposed on a corporation that arises out of Great Mark's violation of the Lanham Act since that relief was not sought in the First Action.

Of course, Koon Chun can seek a remedy if Great Mark strips itself of assets after judgment is entered. Allowing creditors to recover from debtors when they sell assets to avoid the creditors is one of the primary reasons that the New York legislature enacted the DCL, and now, in its place, New York's Uniform Voidable Transactions Act ("UVTA"). *See Federal Deposit Ins. Corp. v Porco*, 75 N.Y.2d 840, 842 (1990) ("a creditor's remedy for the transfer of its debtor's assets, where

---

[9] The Notice of Motion states that Koon Chun is trying to obtain the relief of successor liability against Great Kingsland, G.K. Exotic, and Johnson Storage (Claims Three, Five, and Six, Twenty-Seven). See Ex. 7.

[10] The claims against Star Mark are Claims One and part of Claim Twenty-Eight.

undertaken prior to a judgment on the debt, is still to obtain a nullification of the conveyance (*see*, § 279) and, where undertaken after judgment, additionally to secure the assets in satisfaction of the debt (*see*, § 278))."

Koon Chun could always bring new claims against Great Mark or Jimmy Zhan (the two remaining creditors after Star Mark was dissolved in 2005) for violations of this Act after judgment was entered. This option was always available in the nine years between February 2011 and when it decided to file this lawsuit – that is, those years when Koon Chun did nothing to pursue satisfaction of its judgment. But Koon Chun must comply with the DCL (or for transfers after April 2020, New York's UVTA) including the relevant statutes of limitations, as well as give notice to parties affected (such as non-creditors on the other side of the transactions that Great Mark would seek to claw back) by properly pleading the claims.

Moreover, the DCL is not the same thing as the common law doctrine of successor liability or piercing the corporate veil. Koon Chun's attempt to conflate the statute with the common law doctrine should be rejected. For instance, Koon Chun argues, "Common law veil piercing can be achieved by satisfying the common law elements or by establishing actual fraudulent conveyance in violation of Debtor Creditor Law § 276." Pl. Mem. at 2. This is simply not true, and it makes no sense. Common law veil piercing is an equitable remedy awarded by a court when a corporation violates a law and is trying to hide behind its limited liability in an unequitable manner. The DCL is a specific Act designed to void the transfer of assets from a corporation when a debtor commits fraud or constructive fraud in various circumstances.

## VII.    THE PUTATIVE OWNERSHIP "CLAIMS" SHOULD BE DISMISSED

In its Notice of Motion, Koon Chun asserts that it has brought ten causes of action seeking a declaratory judgment that Jimmy Zhan, Jessica Yang, or Edmund Zhan are "putative owners" of

Kingsland, G.K. Exotic, Great Mark, EZ Fantasy and Johnson Storage. The fundamental problem with these "causes of action" is that federal judicial power only extends to "cases" or "controversies" under Article III of the U.S. Constitution. Federal courts do not have the power to adjudicate disputes of a hypothetical or abstract character because federal courts do not render advisory opinions. Except for Great Mark, Koon Chun has never alleged these other corporations caused Koon Chun any harm by violating a federal statute or New York law; plaintiffs may not simply sue corporations seeking a declaratory judgment of their owners.

As the Second Circuit made clear in *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 594-95 (2d Cir.1996), in determining its jurisdiction over a claim under the Declaratory Judgment Act, a court must "determine whether the dispute presents a substantial controversy or merely an abstract question." *Id.* at 594. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 595 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Rendering a declaratory judgment on corporate ownership does not resolve a "substantial controversy between or among the parties" because there is no controversy between Koon Chun and the newly named corporations. *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996). Again, the Declaratory Judgment Act does not "provide an independent cause of action." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Rather, "[i]ts operation is procedural only – to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *Id.*

For the Court to issue relief under the Declaratory Judgment Act, the dispute "must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Jenkins v. United States*, 386 F.3d 415, 417-18 (2d Cir. 2004) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952)). Issuing relief by determining the corporation ownership of each of these newly named corporations does not help decide any legal issue and would be nothing more than an advisory opinion by this Court. For this reason, these "causes of action" must be dismissed.

## VIII.   VEIL PIERCING "CLAIMS" SHOULD BE DISMISSED

Koon Chun seeks to pierce the corporate veil of six corporations (but not Beauty Lover Express Inc., G.K. Exotic Inc. or Starmark) so as to "attach" liability to Jessica Yang and Edmund Zhan.[11] These "causes of action" are fundamentally flawed because piercing of a corporate veil is not a claim but a remedy, and, indeed, "piercing the corporate veil is a remedy undertaken with extreme reluctance."[12] *Lakah v. UBS*, 996 F. Supp. 2d 250 (S.D.N.Y.2014); *see also Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993). "New York does not recognize a separate cause of action to pierce the corporate veil." *Chiomenti Studio Legale, LLC v Prodos Capital Mgt. LLC*, 140 A.D.3d 635, 636 (1st Dept 2016); *see also Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993).

---

[11] The Notice of Motion also seeks to "attach" liability to Jimmy Zhan but there is no need to do so since judgment was entered against him for willfully violating the Lanham Act.

[12] The "extreme reluctance" that courts show in breaching the corporate veil is demonstrated by *In Am. Fuel Corp. v. Utah Energy Develop. Co.*, 122 F.3d 130 (2d Cir.1997), where the Second Circuit refused to pierce the corporate veil even where the corporation in question was a shell with no contracts, employees, independent office space, independent bank account, capital, or assets, and where the business expenses were paid out of pocket by the owner. *Id.* at 134-35.

As a leading treatise has explained: "A finding of fact of alter ego, standing alone, creates no cause of action . . . An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract." 1 FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (1999).[13] Veil piercing is "designed to enable a plaintiff who would not be able to obtain a remedy from the direct corporate actor to seek it from a controlling [owners or parent corporations] whose legal separateness was, in actuality, a fiction." *In re Tronox Inc.*, 549 B.R. 21, 26 (S.D.N.Y. 2016).

Piercing the veil is a remedy that expands who is liable for a particular act ***by a corporation***, but that liability must still arise out of a claim against that corporation. In the Second Action (the case before this Court), Koon Chun has not alleged any independent claims (such as a breach of contract or tort) against any corporations. The only way that corporate form could be disregarded is if Koon Chun could establish the corporation's direct liability on an independent cause of action.

Of course, in the First Action (not before this Court), Koon Chun did prove that two corporations violated the law and, thus, Koon Chun received a judgment to compensate it for damages as determined by federal statutes. The two corporations were Great Mark and Star Mark. The Court found that these two corporations violated 15 U.S.C. §§ 1114(1) (trademark infringement), 1125(a) (trade dress infringement), 15 U.S.C. § 1125(a) (unfair competition),and that they did so willfully when selling the counterfeit hoisin sauce. The Court also found that Jimmy Zhan violated the statutes in the same manner.

But Koon Chun never requested in the litigation that the corporate veil be pierced so that the owners of Great Mark and Stark Mark would be liable. No such relief request is made in the

---

[13] For an excellent discussion of the difference between claims and remedies, *see In re MTBE Prods. Liability Litig.*, 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007).

Complaint or Amended Complaint or, as far as the undersigned counsel can tell, anywhere in the litigation. Nor was the relief ever imposed by the Court. And, once again, *res judicata* prohibits this Court from doing so now.

## IX.     CONCLUSION

Koon Chun's entire litigation strategy in this case is an attempt to rewrite how judgments are enforced in federal court even though the Federal Rules give judgment creditors extraordinary powers.

In federal courts, a money judgment – whether originating in the same district or registered in another district under 28 U.S.C. § 1963 – is enforced by a writ of execution under Rule 69 of the Federal Rules (unless the court directs otherwise). Pursuant to 28 U.S.C. § 566(c), "the United States Marshal Service shall execute all lawful writs, process, and orders issued under authority of the United States, and shall command all necessary assistance to execute its duties."[14] With regard to finding assets, Rule 69(a)(2) provides that a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided by the Federal Rules of Civil Procedure or by the procedure of the state where the court is located.

Thus, as a judgment creditor against Jimmy Zhan, Great Mark, or Star Mark, Koon Chun has been able to take advantage of the discovery mechanisms provided in the federal rules and the full array of enforcement procedures and options otherwise available in New York. But for reasons that may ultimately be unknowable, Koon Sun stopped seeking to satisfy the judgment in February 2011. For nine years, Koon Chun appears to have done nothing.

---

[14] "A writ of execution is a process issued by the court directing the U.S. Marshal to enforce and satisfy a judgment for payment of money. (Federal Rules of Civil Procedure 69)." https://www.usmarshals.gov/process/execution-writ.htm.

Regardless of why Koon Chun chose to stop executing the judgment, a second action with thirty-five "causes of action" attempting to attach liability to Jimmy Zhan's wife and son is simply not permitted. For the reasons above, summary judgment should be granted against Koon Chun.

Dated: New York, New York
      November 29, 2021

                                             T. Bryce Jones, Esq.
                                             Jones Law Firm, P.C.
                                             Avenue of the Americas,
                                           Seventh Floor
                                           New York, NY 10020
                                           (212) 258-0685
                                           bryce@joneslawnyc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD, <br><br> Plaintiff, <br><br> v. <br><br> JESSICA YANG a/k/a YANG XIAO GENG a/k/a JESSICA QIAO, YI Q. ZHAN a/k/a YI QIANG ZHAN a/k/a JIMMY ZHAN, STAR MARK MANAGEMENT, INC. GREAT MARK CORPORATION, GREAT KINGSLAND, INC., G.K. EXOTIC, INC., EZ FANTASY, INC., BEAUTY LOVER EXPRESS, INC., JOHNSON STORAGE, INC., ZME GALAXY FORPO, J&J GLOBAL USA, INC., and EDMUND ZHAN, <br><br> Defendants. | No. 19-02026 |

## **WORD COUNT CERTIFICATION**

I, T. Bryce Jones, in accordance with the rules of the court, certify that the Memorandum of Law In Opposition To Summary Judgment In Favor Of Plaintiff And In Support Of Summary Judgment Against Plaintiff of Defendants JESSICA YANG a/k/a YANG XIAO GENG a/k/a JESSICA QIAO, YI Q. ZHAN a/k/a YI QIANG ZHAN a/k/a JIMMY ZHAN, STAR MARK MANAGEMENT, INC. GREAT MARK CORPORATION, GREAT KINGSLAND, INC., G.K. EXOTIC, INC., EZ FANTASY, INC., BEAUTY LOVER EXPRESS, INC., JOHNSON STORAGE, INC., ZME GALAXY FORPO, J&J GLOBAL USA, INC., and EDMUND ZHAN contains 7,355 words, as counted by Microsoft Word's word-processing system, excluding the caption, date, and signature.

Dated: New York, New York
      November 29, 2021

                       /s/ Bryce Jones
                       T. Bryce Jones
                       Jones Law Firm, P.C.
                       1270 Avenue of the Americas,
                       Seventh Floor
                       New York, NY 10020
                       (212) 258-0685
                       bryce@joneslawnyc.com