UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD,
                              Plaintiff,

v.                                          Case No.: 1:19-cv-02026(FB) (CLP)

JESSICA YANG a/k/a YANG XIAO GENG a/k/a
JESSICA QIAO, YI Q. ZHAN a/k/a YI QIANG ZHAN
a/k/a JIMMY ZHAN, STAR MARK MANAGEMENT, INC.,
GREAT MARK CORPORATION, GREAT KINGSLAND,
INC., G.K EXOTIC, INC., EZ FANTASY, INC.,
BEAUTY LOVER EXPRESS, INC.
JOHNSON STORAGE, INC., ZME GALAXY CORP., J & J
GLOBAL USA, INC.,  and EDMUND ZHAN,
                              Defendants.
-----------------------------------------------------X

# JOINT MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS CROSS-MOTION

Law Offices of Peter Sverd, PLLC
225 Broadway, Suite 613
New York, New York 10007
(646) 751-8743
psverd@sverdlawfirm.com

**Of Counsel:**
Peter Sverd, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………..1

BRIEF STATEMENT OF ARGUMENT………………………………………..…………..1-2

POINT I. THE PLAINTIFF'S FACTS ARE ADMITTED……………………………………2-3

POINT II. PLAINTIFF'S CLAIMS ARE NOT BARRED BY RES JUDICATA OR
CLAIM PRECLUSION……………………………………………………………..………3

A. PLAINTIFF'S CASE IS NOT BARRED BY RES JUDICATA………………………….…..3-4

B. CLAIM PRECLUSION DOES NOT BAR PLAINTIFF'S CASE………………...………….5-8

POINT III. THE PLEADINGS ARE SUFFICIENT TO GRANT SUMMARY JUDGMENT….……9

A. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE CLAIMS NOT
SPECIFICALLY ENUMERATED ……………………………………………………….9-11

B. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS ENUMERATED
CLAIMS FOR VEIL PIERCING. ……………………………………………………11-12

POINT IV. THE CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE DENIED…………..12

CONCLUSION…………………………………………………………………………….13

## TABLE OF AUTHORITIES

*Clopay Corporation v. Shemesh*, 17-cv-10194, 2018 WL 6025897 * 3 (S.D.N.Y. 2018). …………….…5

*Cereccia v. Macrae, 2. 05- cv-1628, 2005 WL 1711156 * 4 (E.D.N.Y. 2005)*........................................6

*Derienzo v. Metro. Transp. Auth. 404 F.Supp.2d 555, 557 (S.D.N.Y. 2005)*............................................3

*Doss v. So. Cent. Bell Tele. Co., 834 F.2d 421, 424 (5th Cir. 1987)*……………………………………..9

*Eckhaus v. Blauner, 19-cv-5653, 1997 WL 362166 * 5 (S.D.N.Y. 1997)*……………………………....5

*Feitshans v. Kahn, No. 06 Civ. 2125, 2006 WL 2714706 (S.D.N.Y. 2006)*………………………………4

*Marbury Mgmt., Inc. v. Kohn, 629 F.2d 705, 712 n.4 (2d Cir. 1980)*……………………………………9

*Marcel Fashion Group, Inc. v. Lucky Brands Dungarees, Inc., 779 F.3d 102 (2d Cir. 2015)*……………5

*McEachin v. McGuinnis,* 357 F.3d 197, 199 n. 2 (2d Cir.2004)……………………………………….…9

*Reddy v. Charter, 1996 WL 19211 (E.D.N.Y. 1996)*……………………………………………………3

*Romag Fasteners, Inc. Bauer*, 11-cv-3181, 2011 WL 5513380 * 6 (S.D.N.Y. 2011)……………………..8

*Vetromile v. JPI Partners, LLC, 706 F.Supp.2d 442 (S.D.N.Y. 2010).* ……………………………..…9

## PRELIMINARY STATEMENT

This Joint Memorandum of Law and in Opposition to defendants' Cross-Motion is being submitted in further support of the Plaintiff- Koon Chun Hing Kee Soy & Sauce Factory, Ltd.'s motion for summary judgment, and in opposition to the defendants Cross-Motion for summary judgment which seeks dismissal of the Plaintiffs case.

## BRIEF STATEMENT OF ARGUMENT

Defendants have not refuted the factual allegations contained in Plaintiffs Rule 56 Statement of Undisputed Facts, which are deemed admitted for the purposes of this motion. The Plaintiff commenced this "post judgment proceeding" or "supplemental proceeding" to hold defendants liable for the judgment that was obtained against the judgment debtor- defendants over ten years ago. The First Amended Complaint alleges that since June 13, 2004, the corporate defendants acted in concert to frustrate and impede plaintiff's ability to collect the judgment that it would obtain over and against the judgment debtor defendants, that they fraudulently conveyed, secreted, wasted, stripped, and render judgment proof, the judgment debtor defendants, and each successor corporation in an unyielding shell game to otherwise evade collection efforts while enriching herself. The veil piercing allegations seek to hold YANG personally responsible for her active role in orchestrating, and otherwise participating in, the wrongs of the corporations to wit she was an owner or putative owner, with full knowledge of Plaintiff's claims since June 13, 2004.

Neither YANG, E. ZHAN feign an attempt to present triable issues of fact to support their innocence. Rather, the defendants rely upon technical legal arguments which are either misapplication of the law, or simply not persuasive. The defendants' argument that *res judicata* bars this lawsuit, overlooks the law of This Circuit that post judgment proceedings or supplemental proceedings have *res judicata* effect only if such proceedings have culminated in a final judgment. The defendants' argument that the current lawsuit seeks to hold the defendants liable for a

1

trademark infringement that occurred fifteen years earlier is belied by the fact that the case at bar, is a "post judgment" / "supplemental proceeding" to enforce the judgment.

Similarly without merit is the defendants' argument that the pleadings fail to state a cause of action for debtor creditor law violations, and veil piercing premised on the alleged debtor creditor law violations. The pleadings provide notice of Plaintiff's claims and theories of recovery under the debtor creditor law. The complaint alleges that the defendants repeatedly and persistently made fraudulent conveyances when they comingled, secreted, wasted, stripped, and rendered judgment proof the judgment debtor defendants, and each successor corporation- in an unyielding shell game to evade judgment enforcement while enriching herself. The defendants' are not prejudiced by the plaintiff being awarded summary judgment on the debtor creditor law causes of action which were not specifically enumerated in the complaint. The Plaintiff is entitled to summary judgment on its specifically enumerated causes of action for veil piercing because the pleadings provided the defendants with notice of the alleged fraudulent conveyances.

## ARGUMENT

## POINT I

## THE PLAINTIFF'S FACTS ARE ADMITTED

The defendants have not refuted the Plaintiffs Statement of Unrefuted Facts which are deemed admitted for the purpose of this motion. Local Rule 56.1 (b) requires that a party opposing a motion for summary judgment is required to submit a counterstatement of fact responding to each numbered paragraph in the moving party's statement of unrefuted facts, and set forth any additional paragraphs setting forth other material facts as to which the opposing party contends there is a genuine issue to be tried. "[W]her the opposing party does not specifically controvert an asserted material fact of the moving party, such fact is deemed to be admitted for the purposes of

the motion." *Derienzo v. Metro. Transp. Auth.* 404 F.Supp.2d 555, 557 (S.D.N.Y. 2005).

## POINT II

## PLAINTIFFS CLAIMS ARE NOT BARRED BY RES JUDICATA OR CLAIM PRECLUSION

Defendants' argument that Plaintiff's current lawsuit is barred by claim preclusion and/or issue preclusion is not persuasive. The fact that Plaintiff did not seek to pierce the corporate veil to impose liability on the owners of Great Mark or Star Mark or seek liability against other corporations through successor liability in the prior action which gave rise to the judgment, does not preclude this lawsuit.

This Court explained that:

> "The principle of *res judicata* encompasses two separate concepts: claim preclusion and issue preclusion or collateral estoppel. *See* 18 CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 4402 at 6 (1981); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984). "[C]laim preclusion... means simply that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the *same cause of action or claims.*" *United States v. Alcan Aluminum Corp.,* 990 F.2d 711, 718 (2d Cir. 1993) (emphasis in original). It operates to foreclose relitigation not only as to claims actually raised and litigated but also as to claims that "should have been advanced in an earlier suit." *Migra,* 465 U.S. at 77 n.1. On the other hand, "[u]nder collateral estoppel, or issue preclusion, the second suit is upon a different claim or cause of action," on the theory "that an *issue of law or fact* actually litigated and decided ... may not be relitigated in a subsequent suit between the same parties or their privies." *Alcan Aluminum,* 990 F.2d at 718 (citation omitted) (emphasis in original).

See *Reddy v. Charter, 1996 WL 19211 (E.D.N.Y. 1996)*

### A.

### PLAINTIFF'S CASE IS NOT BARRED BY RES JUDICATA

Res judicata, or claim preclusion, is the long-accepted principle that " 'a final judgment on

3

the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." ' Res judicata ordinarily applies "if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *See [Feitshans v. Kahn, No. 06 Civ. 2125, 2006 WL 2714706 (S.D.N.Y. 2006),](#)* (internal citations omitted).

The "final judgment on the merits" of the former lawsuit are not the same judgment on the merits that are sought in this action. The former lawsuit giving rise to the judgment was a determination on the final merits of the Plaintiff's claim that Star Mark, Great Mark, and Jimmy Zhan were liable for trademark and trade dress infringement, 15 U.S.C. §§ 1114(1) and 1125(a), and unfair competition, 15 U.S.C. § 1125(a). See Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt., 2007 U.S. Dist. LEXIS 1404 (E.D.N.Y. Jan. 8, 2007). The Honorable Magistrate Judge Steven Gold, presided over the trial of the prior action to determine damages and injunctive relief.

Res judicata does not bar the current action. At bar, the final judgment seeks to attach the judgment obtained in the prior action to other parties who were not parties to the former action. It does not seek a final adjudication that the parties in this suit are liable for trademark and trade dress infringement, under 15 U.S.C. §§ 1114(1) and 1125(a), and unfair competition, 15 U.S.C. § 1125(a).

Moreover, the issues raised in the current litigation were not 'actually litigated and decided in the previous proceeding' and the issue raised in the current lawsuit were not actually litigated and decided in the previous proceeding. There is no basis for res judicata to serve as a bar to this lawsuit.

**B.**

**CLAIM PRECLUSION DOES NOT BAR PLAINTIFF'S CASE**

Defendants' argument that Plaintiff's current lawsuit against YANG, GREAT KINGSLAND, INC., G.K EXOTIC, INC., EZ FANTASY, INC., JOHNSON STORAGE, INC., ZME GALAXY CORP., J & J GLOBAL USA, INC., and EDMUND ZHAN, are barred by claim preclusion and/or issue preclusion is not persuasive. The fact that Plaintiff did not seek to pierce the corporate veil to impose liability on the owners of Great Mark or Star Mark or seek liability against other corporations through successor liability in the prior action which gave rise a bar to this action, does not bar the current claims.

Under *claim preclusion,* "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." (internal quotation mark omitted). The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. See *Marcel Fashion Group, Inc. v. Lucky Brands Dungarees, Inc., 779 F.3d 102 (2d Cir. 2015)*.

Whether a claim that was not raised in the previous action could have been raised therein "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." The Court's routinely and uniformly hold that post judgment or "supplemental proceedings" may lay the foundation for application of res judicata, but "post judgment proceedings have *res judicata* effect only if such proceedings have culminated in a final judgment." See *Clopay Corporation v. Shemesh, 17-cv-10194, 2018 WL 6025897 * 3 (S.D.N.Y. 2018)*. citing, *Eckhaus v. Blauner, 19-cv-5653, 1997 WL 362166 * 5 (S.D.N.Y. 1997)*.

This Court in *Cereccia v. Macrae, 2. 05- cv-1628, 2005 WL 1711156 * 4 (E.D.N.Y. 2005).* surveyed numerous cases in which Courts refused to apply *res judicata* to bar subsequent post judgment / supplemental proceedings. The defendants at bar, raise the same arguments that were raised by the defendant's in the *Cereccia* case more than fifteen years ago. There is no basis for This Court to extend the law to accommodate the defendants' argument, or to overrule longstanding precedent.

> "Defendants argue that plaintiff's failure to name them in the underlying suit and to seek to pierce the corporate veil in that action bars them from doing so now. "Our position was that, once a cause of action was 'discernable' from the facts developed in that suit, the Plaintiff was required to bring that cause of action or be barred from doing so in a subsequent case." (internal citation to the record omitted).… Defendants argue that the two complaints implicate the same transaction or series of transactions and involve the same parties as the individual defendants are in privity with A.D. Mac. Defendants also argue that there was an adjudication on the merits. While defendants invoke the *res judicata* standard and argue that it applies to bar actions like the instant enforcement action, defendants have cited no case for the proposition that veil-piercing is the kind of claim that is subject to preclusion doctrines. The weight of authority suggests that it is not."
> <u>Id.</u> at 3.

The Court went on to reason stated as follows:

> "As a preliminary matter, the court notes that parties regularly seek to enforce judgments awarded in one proceeding via a corporate veil-piercing theory in a subsequent proceeding. Following the Supreme Court's decision in *Peacock v. Thomas,* 516 U.S. 349 (1996), the Second Circuit has confirmed that while "claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability" require an independent basis of federal jurisdiction, federal courts have ancillary jurisdiction over post-judgment proceedings to collect a federal court judgment, even where that proceeding involves a claim of fraudulent conveyance. *Epperson v. Entertainment Express, Inc.,* 242 F.3d 100, 106 (2d Cir.2001). *Epperson* clearly foresees enforcement proceedings in which plaintiffs assert veil-piercing claims as long as the federal court in which the action is commenced has an independent basis for jurisdiction. Cases from federal and state courts in New York further demonstrate that plaintiffs regularly attempt to pierce the corporate veil in an enforcement

proceeding even if it would have been possible to name the defendants as parties to the underlying suit and pursued the claim at that point.

In *Eckhaus v. Blauner,* Judge Haight considered an action to enforce a previously entered judgment by means of piercing the corporate veil. No. 94 civ. 5635(CSH), 1997 WL 362166 (S.D.N.Y. June 26, 1997). The court rejected defendants' argument that *res judicata* precluded plaintiffs from seeking to pierce the corporate veil because plaintiffs could have asserted that claim in the initial proceeding but did not. *Id.* at *5. Judge Haight concluded that plaintiff's "initial litigated claim against [corporate defendant], resulting in summary judgment in its favor, gives rise to no *res judicata* implications with respect to third parties." *Id.* Noting that *res judicata* might bar the claim had the plaintiff previously instituted supplementary proceedings to enforce the judgment, the court went on to consider plaintiff's claim that the corporate veil should be pierced. New York state courts have reached the same conclusion.

In *RENP Corp. v. EMB Corp.,* the Appellate Division considered whether to pierce the corporate veil in an enforcement action instituted after plaintiff had been awarded judgment in a previous action. 229 A.D.2d 381 (2d Dep't 1996). Noting that the initial action was for breach of contract and that the enforcement action focused on the individual defendant's self-dealing and undercapitalization, the court held that the differences between the actions in terms of the issues, facts to be proved, relief sought, and law applied rendered *res judicata* inapplicable. *Id.* at 382.

In another case where the plaintiffs, who had been awarded a judgment against defendant's subsidiary, sought to pierce the corporate veil in an enforcement action to hold the parent company liable, the Appellate Division held that the trial court had "properly rejected defendant's assertion that the present action is barred by *collateral estoppel* or *res judicata.*" REBH v. Rotterdam Ventures Inc., 252 A.D.2d 609, 610 (3d Dep't 1998). The defendant in the enforcement action had been named in the initial suit, although the claim against it in that action had been dismissed, and the veil-piercing issue had been briefed, though it had not been pleaded in the complaint. The Appellate Division held that because piercing the corporate veil had not been "actually determined in the prior proceeding, the doctrine of *collateral estoppel* does not prevent [its] consideration at this juncture." *Id.* at 235-36 (internal quotation marks and citations omitted). The court went on to state that "inasmuch as the claims presently before us have their origins in different factual occurrences (the earlier suit involved proof of the circumstances surrounding the execution, performance and breach of the employment contract and lease, whereas this case centers on wholly unrelated transactions between [the subsidiary and the parent] ), seek different kinds of relief and require the application

of a different body of law, *res judicata* does not mandate their dismissal." *Id.* at 236.

In yet another action to enforce a prior judgment where plaintiff sought to pierce the corporate veil, the Appellate Division concluded that *res judicata* did not bar the action even though the individual defendant had been named in the complaint in the underlying action. *First Capital Asset Management, Inc. v. N.A. Partners, L.P.*, 260 A.D.2d 179 (1st Dep't 1999). The court found that the underlying action had been dismissed with respect to that defendant on the finding that he was not personally liable. *Id.* at 181. The court concluded that the dismissal in the initial action "did not preclude a subsequent proceeding to enforce the judgment against [individual defendant] based on allegations that would support piercing the corporate veil of the judgement debtors inasmuch as the necessary elements of proof and evidence required to sustain recovery vary materially." *Id.* (internal quotation marks and citation omitted).
Id. 4-5.

The Southern District Court in 2011, rejected the same arguments offered by the defendants, at bar, when it refused to apply res judicata or collateral estoppel to the prior action reasoning that

> "Res judicata is not applicable because the Prior Action did not involve an adjudication of a veil piercing claim on the merits. The issues, facts to be proved, and law applied in the Prior Action, which related to AMC's patent enforcement claims and a resulting litigation misconduct Judgment, differ substantially from the issues, facts to be proved, and law applied in the instant veil piercing case. *See RENP Corp. v. Embassy Holding Co.,* 229 A.D.2d 381, 644 N.Y.S.2d 567 (N.Y.App. Div.2d Dep't 1996) (holding that the differences between a veil piercing action and the underlying contract action—in terms of the issues, facts to be proved, relief sought, and law applied—rendered res judicata inapplicable); *see also Rebh v. Rotterdam Ventures Inc.,* 252 A.D.2d 609, 610, 675 N.Y.S.2d 234 (N.Y.App. Div. 3rd Dep't 1998) (same)."
> See *Romag Fasteners, Inc. Bauer*, 11-cv-3181, 2011 WL 5513380 * 6 (S.D.N.Y. 2011)

*Res judicata* does not bar Plaintiff's supplemental proceeding, as a matter of law. The Plaintiff is entitled to summary judgment and the defendant's motion must be denied.

## POINT III

## THE PLEADINGS ARE SUFFICIENT TO GRANT SUMMARY JUDGMENT

The Plaintiff is entitled to Summary Judgment on its specifically enumerated veil piercing claims, and the Court will exercise its discretion to adjudicate a claim on a motion for summary judgment, that was not specifically enumerated in a complaint, because a defendant with adequate notice of the claim is not prejudiced.

### A.

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE CLAIMS NOT SPECIFICALLY ENUMERATED

At bar, the Plaintiffs' complaint is replete with factual allegations which gave the defendants actual notice of the debtor creditor law causes of action. The Court has discretion to adjudicate a claim that was not pled, where an utter lack of notice to defendant of the claims prejudices the defendant. See *Vetromile v. JPI Partners, LLC, 706 F.Supp.2d 442 (S.D.N.Y. 2010).* It is well-established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." See, *McEachin v. McGuinnis,* 357 F.3d 197, 199 n. 2 (2d Cir.2004). "Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim." *Marbury Mgmt., Inc. v. Kohn, 629 F.2d 705, 712 n.4 (2d Cir. 1980); Doss v. So. Cent. Bell Tele. Co., 834 F.2d 421, 424 (5th Cir. 1987)* ("[T]he fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory.").

The facts alleged in the First Amended Complaint gives the defendants full notice of the circumstances giving rise to the plaintiff's debtor creditor law claims. The facts allege that on or about June 13, 2004, KOON CHUN executed on the Ex Parte Seizure Order at property used

9

and/or leased by STAR MARK, seizing goods and some business records, that as of June 13, 2004. The debtor-defendants had actual knowledge that KOON CHUN was seeking injunctive relief and money damages over and against the debtor-defendants, and that as of June 13, 2014, YANG had actual knowledge that KOON CHUN was seeking injunctive relief and money damages over and against the debtor-defendants. See ¶¶'s 26, 28-29, of the First Amended Complaint.

The Plaintiff further allege that "each and every corporate co-defendant that is inactive had actual and/or constructive knowledge of KOON CHUN's claim and that each entity at that time had an existing liability to KOON CHUN." Id. at ¶ 21. Each of the causes of action labelled "Pierce the Corporate Veil" allege that the defendants used their control over the entities to *inter alia*:

a. fraudulently secret, strip, divert business and assets from the (eventual) debtor corporations, and ZHAN in anticipation of impending legal liability to plaintiff;

b. frustrate and impede plaintiff's ability to collect the judgment that it would obtain over and against the judgment debtor defendants;

c. fraudulently convey, secret, waste, strip, and render judgment proof, the judgment debtor defendants.

d. YANG commingled her personal monies with the companies.

See First Amended Complaint at ¶¶'s 475- 481, 506-514, 552- 554, 561- 564, 588- 590 597- 599, 677- 682 630-633.

The Pleadings go as far to specify particular fraudulent conveyances and transfers of money amongst YANG, ZHAN and the defendant-corporations. Id. at 272- 295. During the course of discovery many additional transfers and transactions were discovered. Of course, all of the disclosure was shared with the defendants.

The Plaintiff's allegations at ¶¶'s 664- 670, provide the defendants with further clear notice of Plaintiffs debtor creditor law claims. It is alleged that Plaintiff has a claim for money damages over and against YANG, who with intent to defraud her creditors or frustrate enforcement of the judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered, or secreted property, removed it from state, or is about to do any of these acts, which warrant an order of attachment. YANG and ZHAN have disposed of STAR MARK's assets and good will to GREAT KINGSLAND with the intent to defraud creditor-plaintiff and frustrate enforcement of the judgment that might be rendered in plaintiff's favor. YANG and ZHAN have assigned STAR MARK. assets and good will to GREAT KINGSLAND with intent to defraud creditor-plaintiff and frustrate enforcement of the judgment that might be rendered in plaintiff's favor. YANG and ZHAN have disposed of GREAT MARK's assets and good will to GREAT KINGSLAND, G.K EXOTIC, and EZ FANTASY with the intent to defraud creditor-plaintiff or frustrate enforcement of the judgment that might be rendered in plaintiff's favor. YANG and ZHAN have assigned, transferred and otherwise conveyed GREAT MARK's assets and good will to GREAT KINGSLAND, G.K EXOTIC, and EZ FANTASY with intent to defraud creditor-plaintiff and frustrate enforcement of the judgment that might be rendered in plaintiff's favor.

Defendants' argument that they utterly lacked notice of the debtor creditor law claims are belied by the pleadings. The defendants' cannot be prejudiced by Plaintiffs' debtor creditor claims for relief.

**B.**

**PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS ENUMERATED CLAIMS FOR VEIL PIERCING**

There is no genuine issue of material fact that defeats Plaintiffs' entitlement to summary judgement against YANG under Plaintiffs enumerated "pierce the corporate veil" causes of action

11

(Seventh, Twelfth, Fifteenth, Nineteenth, Twenty-Third, and Thirty-Fifth). Defendants' argument that veil piercing cannot be awarded because it is not a "cause of action" does not negate the fact that a Court sitting in equity is vested with the authority to pierce the corporate veil to attach liability to YANG, on the unrefuted facts presented, and those alleged in the complaint.

The Plaintiffs claims against the corporate defendants is that since June 13, 2004, they acted in concert to frustrate and impede plaintiff's ability to collect the judgment that it would obtain over and against the judgment debtor defendants, and that they fraudulently conveyed, secreted, wasted, stripped, and render judgment proof, the judgment debtor defendants. These allegations are actionable, adequately pled, and provided the defendants with actual knowledge of the corporation's unlawful acts.

The veil piercing allegations of the complaint seek to hold YANG personally responsible for her active role in orchestrating, and otherwise participating in, the wrongs of the corporations to wit she was an owner or putative owner, and had full knowledge of Plaintiffs claims since June 13, 2004. This is not a strained reading of the pleadings- the allegations are hidden in plain sight. Only a willfully blind defendant when presented with this lawsuit would conclude that this complaint seeks to hold the defendants liable for trademark infringement that occurred fifteen years earlier. The defendants' argument that the veil piercing cause of action is not premised upon an alleged wrong of the corporations has no merit.

## POINT IV

**THE CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE DENIED**

For the reasons set forth above the defendants' motion for summary judgment dismiss the Plaintiff's case must be denied.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Plaintiff's motion should be granted in all respects and the defendants' motion must be denied in all respects

Dated: New York, New York
December 8, 2021

*(signature)*
PETER SVERD, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on December 10, 2021 to:

T. Bryce Jones, Esq.
Principal, Jones Law Firm, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
bryce@joneslawnyc.com
*Attorneys for Defendants Jessica Yang, Yi Q. Zhan, Star Mark* Management, Inc., Great Mark Corporation, Great Kingsland Inc., *EZ Fantasy, Inc., Johnson Storage Inc., and Edmund Zhan*

Dated: New York, New York
December 10, 2021

By *(signature)*
Peter Sverd, Esq. (0406)
THE LAW OFFICES OF PETER SVERD, PLLC
225 Broadway, Suite 613
New York, NY 10007
(646) 751-8743
Attorneys for Plaintiff Koon Chun