UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
KOON CHUN HING KEE SOY &
SAUCE FACTORY, LTD.,

     Plaintiff,

 -against-

JESSICA YANG a/k/a YANG XIAO
GENG a/k/a JESSICA QIAO, YI Q.
ZHAN a/k/a YI QIANG ZHAN a/k/a
JIMMY ZHAN, STAR MARK
MANAGEMENT, INC., GREAT
MARK CORPORATION, GREAT
KINGSLAND, INC., G.K EXOTIC,
INC., EZ FANTASY, INC., BEAUTY
LOVER EXPRESS, INC., JOHNSON
STORAGE, INC., ZME GALAXY
CORP., J & J GLOBAL USA, INC., and
EDMUND ZHAN,

     Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-2026-FB-CLP

*Appearances:*
*For the Plaintiff:*
PETER SVERD
Law Offices of Peter Sverd, PLLC
225 Broadway, Suite 613
New York, New York 10007

*For the Defendants:*
T. BRYCE JONES
Jones Law Firm, P.C.
1270 Avenue of the Americas,
New York, New York 10020

**BLOCK, Senior District Judge:**

  In 2010, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun"), obtained a judgment against Star Mark Management, Inc. ("Star Mark"), Great

1

Mark Corporation ("Great Mark"), and Yi Q. (or Jimmy) Zhan. Having failed to collect anything from those judgment debtors, it now seeks to impose liability on two other individuals and seven other corporations. Both sides move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the parties' motions are granted in part and denied in part.

I

Koon Chun is a Hong Kong-based company that sells sauces and vinegars. In 2004, it sued Star Mark, Great Mark, and Jimmy Zhan in this Court for selling counterfeit versions of one of its sauces. Judge Bianco found those defendants liable for trademark infringement and unfair competition under the Lanham Act, and referred the case to Magistrate Judge Gold for a determination of damages and injunctive relief.

After a bench trial, Magistrate Judge Gold entered a permanent injunction and awarded a total of $989,426.13 in damages and attorneys' fees. Judgment was entered against Star Mark, Great Mark, and Khan, jointly and severally, on January 8, 2010.

Koon Chun obtained a restraining order against Zhan's interest the home he jointly owns with his wife, defendant Jessica Yang. It also made efforts to trace the assets of Star Mark, which had been dissolved in 2005, and Great Mark. However, the 2010 judgment remains completely unsatisfied. The key question in

2

this case is whether Koon Chun can reach the assets of any other individual or corporation in satisfaction of that judgment.

## II

"If Dr. Frankenstein were a lawyer," defendants say, "he would be impressed with Koon Chun's lawsuit," which they describe as "stitched together [from] mismatched parts of case doctrine, remedies, and statutes." Defs.' Mem. of Law 2. Although hyperbolic, it is true that the complaint is prolix, consisting of 35 causes of action and conflating several legal theories. It is necessary, therefore, to begin with a brief overview of the law governing the enforcement of judgments.

Pursuant to Federal Rule of Civil Procedure 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* There being no applicable federal statute here, New York law applies.

The most common target of a writ of execution is the assets held by the judgment debtor. *See generally* N.Y.C.P.L.R. art. 52. If those assets are insufficient to satisfy the judgment, New York law allows a judgment creditor to have certain asset transfers to third parties set aside as "fraudulent conveyances." Those include transfers made with an actual intent to "hinder, delay, or defraud"

3

judgment creditors, N.Y. Debt. & Cred. L. § 276, as well as certain transfers where intent to defraud is presumed if they are made without fair consideration, *see id*. §§ 273-75. In either case, such assets are deemed to belong to the debtor and, therefore, subject to execution.

In addition, New York law allows a judgment creditor to reach the assets of third parties in certain circumstances. "As a general rule, the law treats corporations as having an existence separate and distinct from that of their shareholders and consequently, will not impose liability upon shareholders for the acts of the corporation." *Billy v. Consol. Mach. Tool Corp.*, 51 N.Y.2d 152, 163 (1980). However, New York courts "will disregard the corporate form, or, to use accepted terminology, 'pierce the corporate veil', whenever necessary to prevent fraud or to achieve equity." *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140 (1993). Veil-piercing is typically used to "to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation." *Id.*

A final remedy available to a judgment creditor is the doctrine of successor liability. "It is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor." *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244 (1983). However, liability will attach if, among other circumstances, "the purchasing corporation was a mere continuation of the

4

selling corporation" or "the transaction is entered into fraudulently to escape [the predecessor corporation's] obligations." *Id*. at 245.

### III

With that legal background in mind, the Court now turns to the two pending motions.

### A. Defendants' Motion for Summary Judgment

Defendants do not directly dispute the assertion that they are part of a complex web of transactions designed to prevent Koon Chun from collecting the 2010 judgment from the original judgment debtors. Rather, they argue (1) that Koon Chun's claims are barred by res judicata and collateral estoppel, (2) that Koon Chun cannot pursue any fraudulent conveyance claims, (3) that Koon Chun cannot pursue any successor liability claims, (4) that Koon Chun cannot pursue any veil piercing claims, and (5) that Koon Chun cannot pursue any "putative ownership" claims. The Court addresses those arguments in turn.

#### 1. *Res Judicata and Collateral Estoppel*

The preclusive effect of a judgment in a diversity case is determined by state law. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under New York's definition of res judicata, or claim preclusion, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking

5

a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981). Under its definition of collateral estoppel, or issue preclusion, "a party is estopped from relitigating an issue when that issue was necessary to the resolution of the prior action, and the party against whom estoppel is invoked had a full and fair opportunity to contest that issue in the previous litigation." *PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 491 (2d Cir. 2004) (collecting New York cases).

Neither doctrine applies here. Collateral estoppel clearly does not apply because issues relating to fraudulent conveyances, veil-piercing, and successor liability were not raised—let alone decided—in the prior action. Res judicata does not apply because the means of enforcing a judgment are not part of the same transaction that led to the judgment in the first place. *See RENP Corp. v. Embassy Holding Co.*, 644 N.Y.S.2d 567, 382 (2d Dep't 1996). Thus, "parties regularly seek to enforce judgments awarded in one proceeding via a corporate veil-piercing theory in a subsequent proceeding." *Careccia v. Macrae*, 2005 WL 1711156, at *4 (E.D.N.Y. July 19, 2005).

### 2. *Fraudulent Conveyances*

Defendants next argue that Koon Chun cannot assert any claims for fraudulent transfers because no such claims were pleaded in the complaint. It is true that the complaint does not specifically cite New York's Debtor and Creditor

6

Law. But "[i]t is well-established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim." *McEachin v. McGuinnis*, 357 F.3d 197, 199 n.2 (2d Cir. 2004) (internal quotation marks omitted). "Factual allegations alone are what matters." *Id*. The complaint contains many allegations of transfers made under circumstances that might warrant setting them aside under New York law.

However, the allegations are not presented in clearly delineated claims. To avoid any possible prejudice to the defendants, the Court will allow Koon Chun to amend its complaint to clearly plead as discrete causes of action any claims that particular transactions constituted fraudulent conveyances.

### 3. *Successor Liability*

Defendants next argue that Koon Chun cannot assert any successor liability claims for three reasons. First, they argue, Koon Chun has not proved that any of the newly named corporate defendants violated the law and "thus, *their* successors cannot be liable." Defs.' Mem. of Law 16. That is irrelevant. As explained above, successor liability is a means by which a judgment creditor can reach the assets of one corporation to satisfy the liability of another. Neither case law nor common sense supports the proposition that the successor corporation can avoid that liability by passing off its assets to yet another corporation.

Second, defendants argue, Star Mark was dissolved in the middle of the

7

prior litigation and "thus, has no successors." *Id.* Again, the argument misses the point. If Great Mark technically dissolved but continued carrying on its business through a successor corporation merely to avoid a potential judgment against it, then the successor corporation can be held liable for that judgment.

Third, defendants argue that res judicata prohibits successor liability. The Court has already rejected that argument.

### 4. *Veil Piercing*

Defendants next argue that Koon Chun cannot assert any veil piercing claims, largely for the same reasons it cannot assert successor liability claims. The Court has already given its reasons for rejecting those argument and need not repeat them.

Defendants add that veil piercing is not a separate cause of action, but that is an incomplete statement of the law. "[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action *independent of that against the corporation*; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." *Morris*, 82 N.Y.2d at 141 (emphasis added). Koon Chun has already established the liability of Star Mark and Great Mark; it need only establish facts and circumstances to extend that liability to others.

The Court appreciates that Koon Chun's theory of the case goes beyond a

8

typical extension of liability from corporation to owners; it is instead an amalgam of veil piercing and successor liability. However, that is—at least according to Koon Chun—a problem of defendants' own making. They allege that Zhan and Yang misused the corporate form to create several layers of insulation between the 2010 judgment and the assets that could be reached to satisfy it. Veil piercing and successor liability are, at bottom, equitable doctrines, and the Court declines to limit either to a situation that would allow a particularly determined judgment debtor to escape its liability.

5. *Putative Ownership*

Several of Koon Chun's claims seek declarations that the individual defendants—Zhan, Yang, and their son, Edmund—are the "putative owners" of various corporations. The purpose of these claims is unclear and Koon Chun has apparently abandoned them by not even mentioning them in its summary judgment briefing. In any event, ownership is simply one of the "facts and circumstances" necessary to establish a veil piercing claim, *Morris*, 82 N.Y.2d at 141; it is not a separate cause of action.

Relatedly, some of the veil piercing and "putative ownership" claims seek to impose liability on Zhan. But Zhan is already a judgment debtor under the 2010 judgment and Koon Chun is already entitled to reach his assets. Separate claims against him are unnecessary and duplicative.

9

## B.   Plaintiff's Motion for Summary Judgment

In addition to opposing defendants' motion for summary judgment, Koon Chun affirmatively seeks summary judgment on its veil-piercing/successor liability theory.[1] Although that theory of liability is often difficult to discern, it apparently consists of the following four components.

*First*, Koon Chun argues that Yang, the sole owner of judgment debtor Star Mark, stripped Star Mark of its assets and transferred them to defendant Great Kingsland, Inc., in order to render Star Mark judgment proof.   Therefore, Koon Chun argues, Great Kingsland's assets are reachable as Star Mark's successor and Yang's are reachable under a veil piercing theory.

*Second*, Koon Chun argues that defendant G.K Exotic, Inc., is liable as the successor to judgment debtor Great Mark, and that Yang, the sole owner of G.K Exotic is liable under a veil piercing theory.

*Third*, Koon Chun argues that defendant J & J Global USA, Inc., is liable as the successor to both Great Mark and G.K Exotic, and that Yang, the sole owner of J &J Global, is liable under a veil piercing theory.

*Fourth*, Koon Chun argues that Yang, the 70% owner of defendant ZME

---

[1] Koon Chun also seeks summary judgment on its fraudulent conveyance claims.   As noted, however, Koon Chun did not clearly identify any such claims in its complaint.   Therefore, the Court denies Koon Chun's motion with respect to those claims.   Koon Chun may renew the motion after it properly pleads the claims.

Galaxy Corp., is liable under a veil piercing theory because ZME paid rental obligations that should have been paid by Great Mark.

For the reasons stated in connection with defendants' motion for summary judgment, the legal bases for Koon Chun's first three theories are complex, but sound. Moreover, since Koon Chun filed an appropriately documented statement of undisputed facts, which defendants failed to oppose, the facts supporting those theories are taken as true. *See* Local R. 56.1(c). Therefore, the Court will grant summary judgment on Koon Chun's claims that Great Kingsland, G.K Exotic, J & J Global, and Yang are liable for the 2010 judgment.

By contrast, the fourth component is insufficient for summary judgment. ZME's payment of rent obviously did not deplete any assets of an existing judgment debtor or its successors. And while it may be some evidence that Yang did not fully respect the separate existence of the two corporations, it is hardly conclusive on the issue. Therefore, the Court will deny summary judgment as to that theory.

Finally, Koon Chun's motion for summary judgment does not address many of the claims raised in its amended complaint. Nor does its opposition to defendants' motion for summary judgment. For those reasons, the Court deems abandoned any claims not addressed above

**IV**

11

It now falls to the Court to apply the foregoing holdings to Koon Chun's 35 causes of action.

- The First Cause of Action seeks a declaration that defendant Great Kingsland is a "mere continuation" of Star Mark.   Defendants' motion for summary judgment is denied and Koon Chun's motion is granted.

- The Second Cause of Action seeks a declaration that defendant G.K Exotic is a "mere continuation" of Great Mark.   Defendants' motion for summary judgment is denied and Koon Chun's motion is granted.

- The Third Cause of Action seeks a declaration that G.K Exotic is a "mere continuation" of Great Kingsland.   Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Fourth Cause of Action seeks a declaration that EZ Fantasy is a "mere continuation" of Great Mark.   Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Fifth Cause of Action seeks a declaration that EZ Fantasy is a "mere continuation" of G.K. Exotic.   Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Sixth Cause of Action seeks a declaration that EZ Fantasy is a "mere continuation" of Great Kingsland.   Defendants' motion for summary

judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Seventh Cause of Action seeks to pierce the corporate veil of Great Kingsland and impose its liability on Yang. Defendants' motion for summary judgment is denied and Koon Chun's motion is granted.

- The Eighth Cause of Action seeks to pierce the corporate veil of Great Kingsland and impose its liability on Zhan. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor.

- The Ninth Cause of Action claims that Zhan is the putative owner of Kingsland. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Tenth Cause of Action claims that Yang is the putative owner of Kingsland. Defendants' motion for summary judgment is granted because putative ownership is not a separate cause of action.

- The Eleventh Cause of Action seeks to pierce the corporate veil of Great Mark and impose its liability on Zhan. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor.

- The Twelfth Cause of Action seeks to pierce the corporate veil of Great Mark and impose its liability on Yang. Defendants' motion for summary

13

judgment is denied and Koon Chun's motion is granted.

- The Thirteenth Cause of Action claims that Zhan is the putative owner of Great Mark. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Fourteenth Cause of Action claims that Yang is the putative owner of Great Mark. Defendants' motion for summary judgment is granted because putative ownership is not a separate cause of action.

- The Fifteenth Cause of Action seeks to pierce the corporate veil of G.K Exotic and impose its liability on Yang. Defendants' motion for summary judgment is denied and Koon Chun's motion is granted.

- The Sixteenth Cause of Action seeks to pierce the corporate veil of G.K Exotic and impose its liability on Zhan. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor.

- The Seventeenth Cause of Action claims that Zhan is the putative owner of G.K Exotic. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Eighteenth Cause of Action claims that Yang is the putative owner of G.K Exotic. Defendants' motion for summary judgment is granted because

putative ownership is not a separate cause of action.

- The Nineteenth Cause of Action seeks to pierce the corporate veil of EZ Fantasy and impose its liability on Yang.  Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Twentieth Cause of Action seeks to pierce the corporate veil of EZ Fantasy and impose its liability on Zhan.  Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because Koon Chun has abandoned this claim.

- The Twenty-First Cause of Action claims that Zhan is the putative owner of EZ Fantasy.  Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Twenty-Second claims that Yang is the putative owner of EZ Fantasy. Defendants' motion for summary judgment is granted because putative ownership is not a separate cause of action.

- The Twenty-Third Cause of Action seeks to pierce the corporate veil of defendant Johnson Storage Inc. and impose its liability on Yang. Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Twenty-Fourth Cause of Action seeks to pierce the corporate veil of Johnson Storage Inc. and impose its liability on Zhan. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because Koon Chun has abandoned this claim.

- The Twenty-Fifth Cause of Action claims that Zhan is the putative owner of Johnson Storage Inc. Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Twenty-Sixth Cause of Action claims that Yang is the putative owner of Johnson Storage Inc. Defendants' motion for summary judgment is granted because putative ownership is not a separate cause of action.

- The Twenty-Seventh Cause of Action claims that J & J Global and ZME are the "mere continuation" of Great Kingsland and Johnson Storage. Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Twenty-Eighth Cause of Action claims that J & J Global and ZME are the "mere continuation" of Star Mark and Great Mark. Defendants' motion for summary judgment is granted with respect to Star Mark on the ground that Koon Chun has abandoned that claim. On the claim that J & J Global is a mere continuation of Great Mark, defendant's motion for summary

16

judgment is denied and Koon Chun's motion is granted.  On the claim that ZME is a mere continuation of Great Mark, both motions are denied because there is insufficient undisputed evidence to decide the issue as a matter of law.

- The Twenty-Ninth Cause of Action seeks to pierce the corporate veil of defendant Beauty Lover Express, Inc., and impose its liability on Yang. Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Thirtieth Cause of Action seeks to pierce the corporate veil of Beauty Lover and impose its liability on Zhan.  Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because Koon Chun has abandoned this claim.

- The Thirty-First Cause of Action claims that Zhan is the putative owner of Beauty Lover.  Defendants' motion for summary judgment is granted because Zhan is already a judgment debtor and because putative ownership is not a separate cause of action.

- The Thirty-Second Cause of Action claims that Yang is the putative owner of Beauty Lover.  Defendants' motion for summary judgment is granted because putative ownership is not a separate cause of action.

- The Thirty-Third Cause of Action seeks an order attaching property owned

17

by Yang at 33-70 Prince Street in Queens.  Neither party has moved for summary judgment on this claim.

- The Thirty-Fourth Cause of Action seeks to pierce the corporate veil of ZME and impose its liability on Yang and Zhan's son, Edmund. Defendants' motion for summary judgment is granted on the ground that Koon Chun has abandoned this claim.

- The Thirty-Fifth Cause of Action seeks to pierce the corporate veil of ZME and impose its liability on Yang and Zhan.  Defendant's motion for summary judgment is granted with respect to Zhan because Zhan is already a judgment debtor.  With respect to Yang, both motions are denied because there is insufficient undisputed evidence to decide the issue as a matter of law.

V

Accordingly, plaintiffs' motion for summary judgment is granted with respect to the following causes of action:  First, Second, Seventh, Twelfth, Fifteenth, and Twenty-Eighth (with respect to J & J Global).  The Court will enter a judgment declaring Great Kingsland, G.K Exotic, J & J Global, and Yang liable for the 2010 judgment.

Defendants' motion for summary judgment is granted with respect to the following causes of action:  Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth,

Eleventh, Thirteenth, Fourteenth, Sixteen, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth (with respect to Star Mark), Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second, Thirty-Fourth, and Thirty-Fifth (with respect to Zhan).   Those causes of action are dismissed.

Both motions for summary judgment are denied on the following causes of action: Twenty-Eighth (with respect to ZME) and Thirty-Fifth (with respect to Yang).

Finally, Koon Chun may, within 20 days of this memorandum and order, file a second amended complaint asserting claims that specific transactions were fraudulent under the New York Debtor and Creditor Law.

**SO ORDERED.**

      /S/ Frederic Block      
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 4, 2022