UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,<br><br>              Plaintiff,<br><br>-against-<br><br>JESSICA YANG A/K/A YANG XIAO GENG A/K/A JESSICA QIAO, YI Q. ZHAN A/K/A YI QIANG ZHAN A/K/A JIMMY ZHAN, STAR MARK MANAGEMENT, INC., GREAT MARK CORPORATION, GREAT KINGSLAND, INC., G.K EXOTIC, INC., EZ FANTASY, INC., BEAUTY LOVER EXPRESS, INC., JOHNSON STORAGE, INC., ZME GALAXY CORP., J & J GLOBAL USA, INC., and EDMUND ZHAN,<br><br>              Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 19-CV-2026 |

*For the Plaintiff:*
PETER SVERD
Law Offices of Peter Sverd, PLLC
225 Broadway, Suite 613
New York, NY 10007

*For the Defendants:*
T. BRYCE JONES
Jones Law Firm, P.C.
1270 Avenue of the Americas
New York, NY 10020

**BLOCK, Senior District Judge:**

      Koon Chun Hing Kee Soy & Saucy Factory, Ltd. ("Plaintiff") commenced this action in 2019, seeking to impose liability for a 2010 judgment on Jessica Yang, Yi Q. Zhan, Star Mark Management, Inc., Great Mark Corp., Great Kingsland, Inc., G.K. Exotic, Inc., EZ Fantasy, Inc., Beauty Lover Express, Inc.,

1

Johnson Storage, Inc., ZME Galaxy Corp., J & J Global USA, Inc., and Edmund Zhan (collectively, "Defendants").

On November 4, 2022, the Court granted Plaintiff's motion for summary judgment on six counts, while giving Plaintiff leave to amend its complaint with respect to two counts and dismissing the remaining counts. *See* Memorandum & Order, ECF No. 72. On January 17, 2023, after Plaintiff elected not to amend its complaint, the Court entered judgment in Plaintiff's favor. *See* Judgment, ECF No. 77. Defendants G.K Exotic, Great Kingsland, J & J Global USA, and Jessica Yang then appealed.

On appeal, the Second Circuit ordered the parties to submit supplemental briefing concerning the Court's subject matter jurisdiction over the case and, in particular, the citizenship status of individual defendant Yang for purposes of establishing alienage jurisdiction. *See* Order, No. 23-188 (2d Cir. Mar. 26, 2024), ECF No. 160. In response, Defendants argued that the Plaintiff had failed to establish the individual defendants' citizenship status, and that there was a consequent lack of subject matter jurisdiction. *See* Def.'s Supplemental Letter Brief, No. 23-188 (2d Cir. Apr. 4, 2024), ECF No. 161. After an inconclusive oral argument, the Second Circuit remanded the case to the district court "to determine whether the individual defendants are United States citizens for the purpose of establishing alienage jurisdiction." Order of Apr. 23, 2024, ECF No. 100.

On August 1, 2024, pursuant to the Second Circuit's mandate, the Court issued an electronic order instructing individual defendant Yang "to file and serve an affidavit, which may be filed under seal, attesting under penalty of perjury as to her immigration status (citizen, lawful permanent resident, or other) in the United States." On August 19, 2024, the Court issued a second electronic order, noting Yang's non-compliance with the prior order, and again ordering her to file an affidavit attesting to her immigration status.

To date, Defendants have refused to comply with these orders. Consequently, the Court has been unable to determine Yang's citizenship status. Because the necessary information to establish Yang's citizenship status is in Defendants' control, and the Defendants resisting jurisdiction have refused to provide it, the Court may draw the adverse inference that Yang is a U.S. citizen. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016) (explaining in personal jurisdiction context that "failure to comply with jurisdictional discovery . . . may amount to a legal submission to the jurisdiction of the court" (internal quotation marks omitted)); *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 312 (E.D.N.Y. 2007) (finding that "since the necessary jurisdictional information is in the exclusive control of the defendants, where they have failed to provide the information, plaintiffs have satisfied their burden" (cleaned up)); *see also* Fed. R. Civ. P. 37(b)(2)(A)(i) (providing that when a party

3

does not obey a court discovery order the court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action").

Accordingly, in light of Defendants' non-compliance with multiple orders to supply information concerning Yang's citizenship status, the Court infers that Yang is a U.S. citizen for purposes of establishing alienage jurisdiction in this action. Aside from Yang, there are sufficient allegations and evidence that Plaintiff is a Hong Kong corporation, and the remaining entity Defendants are New York corporations, and that the requirements of diversity are satisfied. *See* 28 U.S.C. § 1332(a)(2).

The Court will therefore re-enter final judgment in favor of the Plaintiffs in conformity with the Court's prior summary judgment order and judgment. *See* Judgment, ECF No. 77.

**SO ORDERED.**

      /S/ Frederic Block
      FREDERIC BLOCK
      Senior United States District Judge

Brooklyn, New York
November 27, 2024